IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                              : Chapter 11
                                                    :
**CENTAUR, LLC.,** *et al.*,[1]                     :
          Reorganized Debtors                       : Case No. 10-10799 (KJC)
                                                    : Jointly Administered
                                                    :
────────────────────────────────                    :
                                                    :
FTI CONSULTING, INC., as Trustee to                 :
the Centaur, LLC Litigation Trust,                  :
          Plaintiff,                                :
                                                    : Adversary No. 12-50436 (KJC)
          v.                                        :
                                                    : RE: Docket No. 6
MALVERN C. BURROUGHS AND                            :
THOMAS HICKS                                        :
          Defendants                                :

## MEMORANDUM[2]

BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Background

On October 27, 2011, the plaintiff, a litigation trustee (the "Trustee"), brought a post-confirmation suit against the defendants (the "Adversary Proceeding") in the United States

---

[1]The Debtors in these cases were: Centaur, LLC; Centaur Colorado, LLC; Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P.; HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP; Valley View Downs, L.P.; Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. Debtors Centaur PA Land, LP and Valley View Downs, LP filed their chapter 11 petitions on October 28, 2009. The remaining Debtors filed their chapter 11 petitions on March 6, 2010. *See* Order dated April 16, 2010 approving joint administration of the Debtors' chapter 11 cases (Main Case No. 10-10799, D.I. 166). On March 15, 2013, the Court entered a Final Decree closing the Debtors' chapter 11 cases, except for the case of Valley View Downs, L.P. (Main Case No. 09-13761) (Case No. 10-10799, D.I. 2305); however, this and one other adversary proceeding (Adv. No. 12-50423) remain open.

[2]This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and §157(b)(2)(A) and (B).

Bankruptcy Court for the Southern District of Florida (the "Florida Court"). On December 21, 2011, the defendants moved to dismiss the Adversary Proceeding for improper venue, or, alternatively, to transfer venue (the "Florida Transfer Motion") to this Court, in which the related chapter 11 proceedings were administered. After hearing, the Florida Court entered an order transferring the Adversary Proceeding to this Court.

The Trustee has moved to re-transfer the Adversary Proceeding back to the Florida Court (the "Re-Transfer Motion") (D.I. 6), to which the defendants object (D.I. 9). For the reasons that follow, the Re-Transfer Motion will be denied.

The Second Modified Fourth Amended Joint Chapter 11 Plan (the "Plan") was confirmed on February 18, 2011 (Main Case No. 10-10799, D.I. 1350). Section 9.1 of the Plan provided for creation of the litigation trust (the "Litigation Trust") and Section 9.4 imbued the Trustee with power to prosecute certain defined avoidance actions (the "Designated Avoidance Actions"), including the Adversary Proceeding. *See* Disclosure Statement relating to the Fourth Amended Joint Chapter 11 Plan at Exhibit "I." (Main Case No. 10-10799, D.I. 766)

The Trustee, citing *Brandt v. B.A. Capital Co., LP (In re Plassein Int'l Corp.)*, 590 F.3d 252 (3d Cir. 2009), asserts that litigating the Designated Avoidance Actions before this Court would undeniably frustrate the purpose of the Litigation Trust, because the Third Circuit's interpretation of 11 U.S.C. § 546(e) provides an obstacle to pursuit of the Trustee's avoidance actions against former shareholders.

The defendants, in response, say that frustration of purpose is not one of the factors that this Court should consider in deciding whether to retransfer a proceeding.[3]

---

[3] The Trustee cites *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 365 (1966) (noting the parties could apply for retransfer based on "changed conditions") and also cites 15 Fed. Prac. & Proc. Juris. § 3846 (3d ed.) ("A motion to retransfer is perfectly appropriate . . . on a showing of changed circumstances, particularly when they frustrate the purpose of the change of venue."). *See also HAB Carriers, Inc. v.*

Discussion

The law of the case doctrine, which has been applied to the transfer decisions of coordinate courts, requires "extraordinary circumstances" to warrant reconsideration of an issue decided earlier in the litigation. *Winstar Holdings, LLC v. The Blackstone Group, LP (In re Winstar Commc'ns, Inc.)*, 435 B.R. 33, 39 (Bankr. D. Del. 2010); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[T]he policies supporting the [law of the case] doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.").

Extraordinary circumstances are described as (1) the availability of new evidence; (2) the announcement of a supervening new law; or (3) a determination that the earlier decision was clearly erroneous and would create manifest injustice. *Winstar*, 435 B.R. at 39 citing *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997). Ultimately, "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Christianson*, 486 U.S. at 819.

The Third Circuit has held:

> If the party opposing the transfer believes the decision is erroneous, it can either seek reconsideration in the transferor court, or else petition for a writ of mandamus in the court of appeals of the circuit in which the transferor court is located. A disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances.

---

*Arrow Truck Sales, Inc.*, 2009 WL 2589108 (D.N.J. August 21, 2009) (Not for publication) (A transferee court may act when "the original purposes of the transfer have been frustrated by an unforeseen later event."). Here, there are no "changed circumstances" or any "unforeseen later event."

*Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168-69 (3d Cir. 1982) (citations and footnotes omitted).

I have reviewed the March 1, 2012 transcript of the argument on the Transfer Motion before The Honorable Raymond B. Ray in the Adversary Proceeding, and his March 8, 2012 Order granting the Florida Transfer Motion. During argument, Judge Ray said: "My inclination is to transfer this case to Delaware where it originated, and not have more than one judge dealing with a given set of facts." (March 1, 2012 hearing transcript, p. 25.) The March 8, 2012 Order provided, in part, "that good cause exists to support the Court's discretionary transfer of venue of this adversary proceeding pursuant to 28 U.S.C. §1412 to the United States Bankruptcy Court for the District of Delaware." (Florida Adv. Case No. 11-1733, D.I. 67). I am satisfied that Judge Ray considered all of the arguments of the parties about where the Adversary Proceeding should be determined, and I see no circumstance – extraordinary or otherwise – to upset the decision of a coordinate court.

The defendants also argue that the Adversary Proceeding cannot be retransferred to the Florida Court because Article XVI of the Plan provides that this Court "shall retain and shall have exclusive jurisdiction over any matter (a) arising under the Bankruptcy Code, (b) arising in or related to the Chapter 11 cases [as defined] or the Plan, or (c) that relates to the following: …. (ii) To determine … the Designated Avoidance Actions … ." (Plan, Section XVI (ii).)

The Trustee argues that, notwithstanding the "exclusive jurisdiction" provision of the Plan, concurrent jurisdiction resides both in this Court and in the Florida Court, or, in the alternative, he should be relieved of the Plan's exclusive jurisdiction provision by virtue of Rule 60(b) of the Federal Rules of Civil Procedure.

In *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004), the Third Circuit said that "[r]etention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction." The parties do not argue, and I do not perceive, that this Court's exercise of post-confirmation jurisdiction here falls outside the limitations imposed by *Resorts*, since there exists here the requisite "close nexus" to the Plan. *Resorts* at 166.[4] However, because I have determined that the law of the case doctrine weighs against re-transfer of the Adversary Proceeding to the Florida Court, I need not decide the Trustee's request for relief from the Plan's exclusive jurisdiction provision.

Conclusion

For the foregoing reasons, the Re-Transfer Motion will be denied. An appropriate order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: January 5, 2015

---

[4] Although an "exclusive jurisdiction" provision may be considered "boiler plate," the dispute before me illustrates the unintended mischief that an "exclusive jurisdiction" clause in a confirmed plan -- as contrasted with a non-exclusive retention of jurisdiction provision -- can occasion and informs me that proposed plan provisions of this nature should be discouraged, if not precluded.